IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>      Plaintiff, | §<br>§<br>§<br>§ | CIVIL ACTION NO. _____ |
| v. | §<br>§ | |
| MAVERICK TUBE CORPORATION,<br>A SUBSIDIARY OF TENARIS GLOBAL<br>SERVICES (U.S.A.) CORPORATION<br>      Defendant. | §<br>§<br>§<br>§<br>§ | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

1.      This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, and Title I of the Civil Rights Act of 1991, *as amended,* to correct unlawful employment practices on the basis of opposing discrimination and to provide appropriate relief to Andra Williams who was adversely affected by such practices.  The Defendant, Maverick Tube Corporation, a subsidiary of Tenaris Global Services (U.S.A.) Corporation, ("Defendant" or " Maverick")  unlawfully terminated Andra Williams ("Charging Party" or "Williams") in retaliation for opposing what he believed to be unlawful employment practices. Specifically, Charging Party opposed and reported to the company's President/ CEO racially offensive comments made by a manager and, as a result, other management officials fearing additonal reports of conduct violative of Title VII terminated his employment with Maverick.

## JURISDICTION AND VENUE

2.       Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. §2000e-5(f)(1) and

(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, *as amended,* 42 U.S.C. §1981A.

3.     Venue is proper in this court because the unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

PARTIES

4.     Plaintiff, the Equal Employment Opportunity Commission ("Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3), 42 U.S.C. §2000e-5 (f)(1) and (3).

5.     Defendant Maverick Tube Corporation has continuously been and is now doing business in the State of Texas and the City of Conroe and has continuously had more than 15 employees.  Defendant Maverick Tube Corporation may be served by serving its registered agent for service of process, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

6.     At all relevant times, Maverick has continuously been an employer engaged in an industry affecting commerce with the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Andra Williams filed a charge of discrimination with the Commission alleging violation of Title VII by Maverick, his former employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      Since at least April 2005, Maverick has engaged in unlawful employment practices at its Conroe, Texas location in violation of Section 704(a) of Title VII.

9.      Mr. Williams initially began working for Maverick in 1996.  He was subsequently laid off and rehired by the company in April 1999.  He worked for Maverick continuously from 1999 until his discharge in May 2005.

10.      In early April 2005, Williams reported to Maverick's President/CEO that the company's safety manager had made racially offensive comments about Blacks and Hispanics and AIDS.  The company conducted an investigation and, as a result, the safety manager resigned.

11.      Later that month, Williams requested his supervisor grant him a day off around the Memorial Day weekend. The supervisor denied his request indicating he could not approve it because a number of employees had requested to be off work on that same date.  Instead, he advised Williams to just call in on the requested day.

12.      Approximately one week later, Williams was advised that he was discharged for threatening to call the company president on the supervisor denying his vacation request.  Maverick contends that Charging Party told the supervisor who denied the vacation day that "I already made one call . . ." which it interpreted at a threat to get the supervisor fired by calling the company president if his vacation request were not granted. Williams did not threaten the supervisor.

13.       The supervisor to whom the purported "threat" was made admits that he knew about Williams' earlier report to the company president about the safety manager. However, he also admits he was not intimidated by Williams' alleged statement.  The supervisor, in fact, did not report the alleged statement to any higher level officials at

Maverick or to anyone in human resources nor did he ask anyone to report Williams' alleged statement on his behalf.  The alleged statement was reported by a different supervisor who participated in the decision to discharge Charging Party.  All of the individuals involved in the decision to terminate Williams' employment were aware of his prior protected activity in which he reported the safety manager's racially offensive statements to the company president.

14.    The effect of the practices complained of above has been to deprive Mr. Williams of equal employment opportunities and otherwise adversely affect his status as an employee because of his protected activity of opposing employment practices he believed to be discriminatory and in violation of Title VII.

15.    The unlawful employment practices described above were intentional and were committed with malice or with reckless indifference for the federally protected civil rights of Mr. Williams.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the Commission respectfully requests that this Court:

16.    Grant a permanent injunction enjoining Maverick Tube Corporation, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of opposition to discrimination;

17.    Order Maverick to institute and carry out policies, practices and procedures which provide equal employment opportunities for employees engaging in protected activity and which eradicates the effects of its past and present unlawful employment practices;

18.     Order Maverick to make Mr. Williams  whole by providing appropriate back pay, with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices he was subjected to;

19.     Order reinstatement into a comparable position for Mr. Williams or award front pay in the amounts to be proven at trial if reinstatement is impractical;

20.     Order Maverick to make Mr. Williams whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, including out-of-pocket expenses such as job search expenses and insurance expenses in amounts to be proven at trial;

21.     Order Maverick to make Mr. Williams whole by paying compensatory damages to him for his past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses he suffered as a result of the unlawful employment practices described above, in amounts to be proven at trial;

22.     Award punitive damages to Mr. Williams for Maverick's malicious and/or reckless conduct described above, in amounts to be proven at trial;

23.     Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law;

24.     Order all affirmative relief necessary to eradicate the effects of its unlawful employment practices;

25.     Award the Commission its costs in this action; and

26.     Grant such other and further relief as the Court deems necessary and proper.

JURY TRIAL DEMANDED

27.   The Commission requests a jury trial on all questions of fact raised by its

complaint.

Respectfully submitted,

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C. 20507


By: _____
Kathy D. Boutchee
Attorney-in-Charge
TBN: 02717500
SDN: 10145
EEOC
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3399
Fax: (713) 209-3402
Email: kathy.boutchee@eeoc.gov

ATTORNEYS FOR PLAINTIFF

OF COUNSEL
Jim Sacher
Regional Attorney
Houston District Office
1919 Smith, 7th Floor
Houston, Texas 77002
(713) 209-3398
Fax: (713) 209-3402