IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Plaintiff, | § § § § § § § § § § § § § | CIVIL ACTION NO. 4:07-cv-02033 |
| ANDRA WILLIAMS<br>Plaintiff-Intervenor | | |
| v. | | |
| MAVERICK TUBE CORPORATION,<br>A SUBSIDIARY OF TENARIS, S.A.<br>Defendant. | | JURY TRIAL DEMANDED |

## **CONSENT DECREE**

Plaintiff, the United States Equal Employment Opportunity Commission ("Commission" or "EEOC") and Defendant, Maverick Tube Corporation ("Maverick" or "Defendant") agree to entry of this Consent Decree.

**I.    Background and History of Proceedings**

A.    Charging Party Andra Williams ("Charging Party" or "Williams") filed a charge of discrimination with the Commission (Charge No. 330-2005-03914) (the"Charge") alleging Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII").

B.    On June 19, 2007, after investigating the Charge and finding discrimination, the Commission commenced this action alleging that Maverick had retaliated against Charging Party in violation of Section 704 (a) of Title VII when it unlawfully terminated him in retaliation for opposing what he believed to be unlawful employment practices.

C.    Defendant denied the allegations in the complaint.

D.    The parties wish to avoid the risks, uncertainties and expenses of continued

litigation. Accordingly, the parties have agreed to settle this lawsuit. Neither Defendant's consent to the entry of this Decree nor any of the terms set forth in it shall constitute or be construed as an admission of any Title VII violation. Both parties agree that this Consent Decree is being entered into for the sole purpose of compromising disputed claims without the necessity for protracted litigation.

    E.    The Commission and Defendant stipulate to the jurisdiction of the Court and the satisfaction of all administrative prerequisites. The parties further waive hearing and entry of findings of fact and conclusions of law on all issues.

## II. Injunctive and Charging Party Relief

IT IS ORDERED that:

1.     This Consent Decree is entered in full and complete settlement of any and all claims brought by the EEOC arising out of or asserted in Civil Action No. 4:07-cv-02033 and the above-referenced Charge on behalf of Charging Party. This Consent Decree remains in effect for four years from the date of entry. ("Consent Period")

2.     During the Consent Period, Maverick and all of its management employees are enjoined from engaging in any employment practices which discriminate or retaliate against any individual with respect to promotion, compensation, terms, conditions or privileges of employment because of such individual has opposed any practice made an unlawful employment practice under Title VII or has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, court proceeding or hearing under Title VII, including but not limited to, in connection with this case.

3. During the Consent Period, on an annual basis, Defendant will provide, using either an attorney or an independent experienced training person or group, a live and interactive program on employment discrimination violative of Title VII, including the prohibition of retaliation, to all managers and employees at Defendant's Conroe, Texas plant. The training will inform employees that they are prohibited from engaging in conduct which violates Title VII, including retaliation against individuals who file charges of employment discrimination or otherwise engage in protected activity, and that a violation results in disciplinary action, up to and including termination. The minimum duration of each training shall be one (1) hour. The initial training shall be completed within six (6) months from the date the Consent Decree is entered. Defendant shall submit to the EEOC each year at least thirty days in advance of the program, for the EEOC's approval, the name of the program provider and a curriculum outline indicating the information to be addressed during the program and copies of all agendas and materials to be distributed at the training seminar. The person who administers the training shall have at least five years of experience in employment law. Written acknowledgment of receipt of the training shall be obtained by Defendant from all individuals attending the training and retained among the employment records of Defendant and also copies of the attendance sheets shall be forwarded to the EEOC within thirty (30) days of the delivery of the training.

4. In addition to the training described in paragraph 3 above, Defendant will provide a separate training to Joel Smith addressing his responsibilities under Title

VII and how to conduct an appropriate investigation of Title VII implicated complaints of discrimination and retaliation.

5. Defendant agrees to issue a written guidance or memorandum to its supervisors and managers indicating they are prohibited from engaging in any conduct which undermines the EEO training referenced in paragraph 3 above. It shall further state that a violation of this guidance or memorandum will be considered to be insubordination, a terminable offense.

6. Within ten (10) days after entry of this Decree, Defendant will remove from Charging Party's' personnel files any documents referencing his charges of discrimination, the Commission's lawsuit or this Consent Decree entered in resolution of the lawsuit. These documents shall not be part of his personnel files but shall be kept segregated in separate, confidential folders. Further, Defendant will not reference any facts or information relating to the charge, the lawsuit or the Consent Decree to any potential employer of Charging Party. It further agrees to provide in response to any written or verbal inquiries from potential employers a neutral job reference, stating his dates of employment, position or title, ending salary and that he is eligible for rehire. Defendant shall not reference the charge of discrimination, the Commission's lawsuit or this Consent Decree.

7. Within ten (10) days after entry of this Decree, Defendant will conspicuously post the attached notice (Exhibit "A") in an area accessible to all employees at Defendant's Conroe, Texas plant for the duration of the Consent Period.

8. During the Consent Period, for its Conroe, Texas plant, Defendant will provide the Commission with annual reports reflecting any Title VII implicated

complaints of retaliation. The report should include the name and title of the complaining employee, a summary of the investigation, if any, and a description of the resolution of the complaint, including a description of disciplinary measures imposed, if any.

9. Defendant will issue a disciplinary notice to Joel Smith which states that he failed to comply with Defendant's policies regarding the investigation of complaints of inappropriate conduct. The notice will advise him that any future violation of employment discrimination laws by him will result in discipline, up to and including, termination.

10. Defendant agrees to pay the total sum of ONE HUNDRED SEVENTY-FIVE THOUSAND DOLLARS AND NO CENTS ($175,000.00), in full and final settlement of the Commission's lawsuit to provide monetary relief to Andra Williams. Defendant and Andra Williams have agreed to other terms that are set out in a separate release agreement. Said sum shall be paid within ten(10) days from the date of entry of the Decree. Defendant shall mail or deliver the settlement check to Mr. Williams at the address provided by the Commission to Defendant. Within seven (7) days of mailing or delivery of the check to Mr. Williams, a copy of the check disbursed to him shall be mailed to the Commission's undersigned counsel of record.

11. The sums payable to Mr. Williams may be subject to federal or state income tax. Defendant agrees to issue appropriate Internal Revenue Service Forms to Charging Party for all sums paid pursuant to this Consent Decree not later than January 31, 2010 at the address to which the settlement check referenced in above

is mailed or delivered. Mr. Williams will be responsible for paying any federal, state or local taxes, including federal income tax that may be due on the aforementioned monetary award.

12. Each party to this action shall bear their own costs and attorney's fees.

13. This Consent Decree shall be binding on Defendant and all of Defendant's successors-in-interest, and Defendant will notify all such successors-in-interest of the existence and terms of this Consent Decree.

14. During the Consent Period, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be appropriate. The Commission is specifically authorized to seek Court-ordered enforcement of this Decree in the event of a breach of any of the provisions herein.

15. In the event the Commission believes Defendant is in violation of any provision of this Consent Decree other than the provision to pay the monetary sum to Mr. Williams, the Commission shall notify Defendant, through their undersigned counsel, of such violation and afford Defendant the opportunity to remedy as may be appropriate any such alleged violation within 30 days of such notice, before instituting any legal action to enforce such provision(s).

16. Nothing in this Consent Decree shall be construed to preclude the Commission from filing a separate action under Title VII or any other statute which the Commission enforces in the future for any alleged violations by Defendant not resolved by this Decree.

17. Each signatory certifies that he/she is authorized to execute this document on behalf of the party whom he/she represents.

Signed this __14th__ day of __May__, 2009 at Houston, Texas.

_____
Stephen W. Smith
United States Magistrate Judge

**AGREED AND CONSENTED TO:**

**ATTORNEY FOR PLAINTIFF**
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

By: *[signature]*

Kathy D. Boutchee
Attorney-in-Charge
TBN: 02717500
EEOC
Houston District Office
1919 Smith, 7th Floor
Houston, Texas 77002
(713) 209-3399
Fax: (713) 209-3402
Email: Kathy.Boutchee@eeoc.gov

**ATTORNEYS FOR DEFENDANT**
**MAVERICK TUBE CORPORATION**

By: *[signature]*

Jon A. Bierman
Attorney-in-Charge
MBN: 49214
Tiffany B. Kleffer
MBN: 51896
Gallop, Johnson & Neuman, L.C.
101 S. Hanley Road, Suite 1700
Clayton, Missouri 6310
(314) 615-6000
Fax: (314) 615-6001
Email: jbierman@gjn.com
Email: tbkleffer@gjn.com

**ATTORNEY FOR PLAINTIFF-INTERVENOR**
**ANDRA WILLIAMS**

By: *[signature]*

Jo Miller
Attorney-in-Charge
TBN: 00791268
Law Office of Jo Miller, P.L.L.C.
505 North Main, Carriage House
Conroe, Texas 77301
(936) 539-4400
Fax: (936) 539-4409
Email: jmiller@jomillerlaw.com



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Houston District Office**

Mickey Leland Federal Building
1919 Smith Street, 7th Floor
Houston, TX 77002-8049
(713) 209-3320
TTY (713) 209-3439
FAX (713) 209-3381

# NOTICE TO THE EMPLOYEES OF MAVERICK TUBE CORPORATION

THIS NOTICE IS POSTED PURSUANT TO THE CONSENT DECREE ENTERED IN RESOLUTION OF A LAWSUIT BROUGHT BY THE EEOC AGAINST THE MAVERICK TUBE CORPORATION REGARDING RETALIATION IN THE WORK PLACE PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED.

1. Federal law requires that there be no discrimination against any employee or applicant for employment because of the employee's sex, race, color, religion, national origin, age or disability with respect to compensation, hiring or other terms, conditions or privileges of employment. Federal law also prohibits retaliation against any employee who complains about discrimination on any of these bases.

2. MAVERICK TUBE supports and will comply with such Federal law in all respects and will not retaliate or take any action against current or former employees because they have exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission (EEOC), provided information to the EEOC and/or participated in any manner with an EEOC investigation or lawsuit or provided information during the company's investigation of any discrimination or harassment complaint.

3. MAVERICK TUBE prohibits discrimination and retaliation and will not engage in the practice of altering the terms and conditions of employment against employees or former employees who have exercised their rights by filing charges with the EEOC, providing information to the EEOC, and/or participated in any way with such charge or process.

4. Discriminatory or retaliatory employment practices will not be tolerated at MAVERICK TUBE.

5. Any employee who feels they have been the target of discrimination or retaliation is advised to report this action promptly to Bruce Shaffer Human Resources Director, USA, 2200 W. Loop South, Suite 800, Houston, Texas 77027, (713) 336-7340, bshaffer@tenaris.com

SIGNED this _____ day of _____, 2009.

Bruce Shaffer
Human Resources Director, USA
Tenaris

This OFFICIAL NOTICE shall remain posted for four full years from date of signing.

**"EXHIBIT A"**